LAURA MUNOZ, IN PROPRIA PERSONA
13000 Dronfield Ave., Apt. 211
Sylmar, California 91342
Tel. (818) 388-5517
Email: lauriegu29@gmail.com

LAURA MUNOZ, Plaintiff In Propria Person



FILED
2018 JUL 11 PM 2:12

LACV18 06033-MWF-Ex

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA MUNOZ,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; NORTHEAST VALLEY HEALTH CORPORATION, a California corporation; BABAK BARADUR-BOKAIE; and DOES 1 through 10.<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR MEDICAL MALPRACTICE**<br><br>**(FEDERAL TORTS CLAIMS ACT, 28 U.S.C. § 1346(b))**<br><br>**DEMAND FOR JURY TRIAL**<br><br>ORIGINAL |

COMES NOW Plaintiff LAURA MUNOZ ("Plaintiff") and alleges as follows:

## JURISDICTION

1. This Court has Jurisdiction under 28 U.S.C. § 1346(b). This action for monetary damages arises from medical malpractice by reason of negligence of a federally funded health care facility, its employees, and federally funded health care practitioners.

COMPLAINT FOR DAMAGES (28 U.S.C. § 1346(b)); DEMAND FOR JURY TRIAL

1

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

2. All occurrences, transactions, events and happenings alleged herein took place in the County of Los Angeles, State of California.

3. At all times alleged herein, Plaintiff LAURA MUNOZ was and is an individual residing in the County of Los Angeles, State of California.

4. Plaintiff is informed and believes that defendant NORHEAST VALLEY HEALTH CORPORATION (NVHC) is a corporation existing by virtue of the laws of the laws of the State of California, doing business in the County of Los Angeles.

5. Plaintiff is informed and believes that defendant BABAK BARADUR-BOKAIE is a physician licensed by the State of California to practice medicine.

6. Defendant UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES is the legally responsible party as the provider of funding for the other defendants alleged herein, including but not limited to defendants NVHC and defendant BABAK BARADUR-BOKAIE.

7. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein under fictitious names Does 1 through 10 inclusive, and for that reason sues said defendants, and each of them, by such fictitious names. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants Does 1 through to 10, inclusive, is and was in some manner responsible for, participated in or contributed to the matters and things of which Plaintiff complains herein and, in some fashion, has legal responsibility therefore. When Plaintiff ascertains the names and capacities of the fictitiously named defendants Does 1 through 10, inclusive, plaintiff will seek

leave to amend this Complaint to set forth such facts.

8. Plaintiff is informed and believes and on that basis alleges that each defendant is, and at all times relevant herein, was the agent and/or employee of his, her, or its co-defendants and, in committing the acts alleged herein, was acting within the scope of his, her, or its authority as such agent and/or employee and with the knowledge, permission and consent of his, her, or its co-defendants.

9. On July 20, 2016, plaintiff Laura Munoz presented herself to the Northeast Valley Health Corporation in Pacoima, because of insect bites and a bladder and urine infection. She was not properly diagnosed or treated at the clinic. She was prescribed two antibiotics, and nine days later, she suffered a severe allergic reaction, resulting in burn-like lesions all over her body, including her face and neck, chest and back. Plaintiff returned to NVHC clinic and merely given pain medication and sent home. Later that same evening, plaintiff Munoz's condition became so intolerably painful that she went to the Emergency Department of Olive View Medical Center of the County of Los Angeles, located in Sylmar, California, where she was hospitalized for two days, and then transferred to the burn unit of Los Angeles County/USC Medical Center, where she remained for 13 days.

10. Defendants and each of them were negligent in the following respects: in prescribing said antibiotics; in failing to review plaintiff's records for allergies; failing to test for allergic reactions; failing to monitor plaintiff; by other acts and omissions according to proof.

11. On or about January 18, 2017, plaintiff presented a claim to the United States Department of Health and Human Services regarding defendant NVHC and on July 20, 2017

the claim was resubmitted to include defendant BABAK BARADUR-BOKAIE.

FIRST CAUSE OF ACTION FOR MEDICAL MALPRACTICE NEGLIGENCE

(Against all Defendants)

12. Plaintiff incorporates by reference each of the allegations in paragraphs 1 through 11 as though set forth fully herein.

13. Commencing July 20, 2016 and continuing until to approximately July 30, 2016, defendants and each of them were negligent in the following respects: in prescribing said antibiotics; in failing to review plaintiff's records for allergies; failing to test for allergic reactions; failing to monitor plaintiff; by other acts and omissions according to proof.

14. Defendants' actions and inactions were a substantial factor in bringing about plaintiff's damages, including but not limited to pain and suffering, mental anguish, temporary and permanent disabilities, burn-like lesions over her entire body, disfigurement and scarring to her face and body, scarring of the eyes, diminished vision, and other general damages according to proof.

15. Defendants' actions and inactions were a substantial factor in Plaintiff's incurring hospital and medical expense, and incidental costs and expenses in an amount to be proven.

16. Defendants' actions and inactions were a substantial factor in Plaintiff suffering pain, mental anguish, temporary and permanent disabilities, all to her damage according to proof.

17. Defendants' actions and inactions were a substantial factor in bringing about Plaintiff's loss of earnings and loss of earning capacity all to her damage, in an amount to be proven.

WHEREFORE, Plaintiff prays judgment for:

1. General damages according to proof;
2. Special damages according to proof;
3. Costs of suit, including attorney's fees;
4. Such other relief as the court deems just and proper.

Dated: July 10, 2018

_____
Laura Munoz, Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff Laura Munoz hereby demands a jury trial.

Dated: July 10, 2018

_____
Laura Munoz, Plaintiff